UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-84-6-TAV-CCS |
| | ) | |
| AARON BLAKE KEISLER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the Defendant's pro se motion for jail credit [Doc. 172]. On August 1, 2011, Defendant was sentenced by this Court to a 46-month term of imprisonment for aiding and abetting pharmacy robbery [Doc. 157]. At the time the federal sentence was imposed, Defendant was under the primary jurisdiction of state authorities in Tennessee, and in federal custody pursuant to a writ [Doc. 19]. Following sentencing, Defendant was returned to state authorities in Tennessee and the United States District Court judgment was filed as a detainer. On October 6, 2011, Defendant was sentenced by the State of Tennessee to an 8-year term of imprisonment for aggravated robbery [Doc. 166].

On December 10, 2012, this Court entered an order amending the judgment in this case to reflect that Defendant's federal sentence in this case "commenced on August 1, 2011, and is to run concurrent with the sentence imposed in Case No. 95111 in the Criminal Court for Knox County, Tennessee" [Doc. 167].

Defendant is requesting that he be given credit for the time spent in federal custody prior to the date of his sentencing on August 1, 2011 [Doc. 172].

Credit for time served is governed by 18 U.S.C. § 3585(b). Credit is given for any time spent in official detention when an inmate is detained pursuant to a detention order which conforms to 18 U.S.C. §3142(i)(2); however, the power to grant credit for time served lies solely with the Attorney General of the United States and the Bureau of Prisons. 18 U.S.C. § 3585(b); *see also United States v. Brown,* 417 Fed. Appx. 488, 493 (6th Cir. 2011) ("awarding credit for time served is the exclusive responsibility of the Bureau of Prisons"); *United States v. Wilson,* 503 U.S. 329, 333-34 (6th Cir. 1992).

Since the Attorney General of the United States and the Bureau of Prisons have the sole authority to award credit for time served, Defendant's motion [Doc. 172] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

2

Case 3:10-cr-00084-PLR-CCS   Document 174   Filed 11/21/13   Page 2 of 2   PageID #: 601